# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DANIEL WEST, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>WARDEN TOM DURDON, )<br>)<br>    Respondent. ) | Case No. CV412-313 |

## REPORT AND RECOMMENDATION

Daniel West filed a 28 U.S.C. § 2254 habeas petition and moved for leave to proceed *in forma pauperis*. Docs. 1 & 2. The Court granted his IFP motion but noted that his petition lacked critical information. Doc. 3. West failed to answer *all* of the questions on the § 2254 form petition that he used. For example, he challenges a seven year sentence of probation but failed to identify *what court* convicted him, much less *when* he was convicted. Doc. 1 at 1-2.

That is critical because even though he says he pursued no collateral remedies, *id.* at 3-5, nevertheless he may be time-barred from pursuing federal habeas relief here. *See generally French v. Carter*, 828 F. Supp. 2d 1309, 1314-18 (S.D. Ga. 2012) (detailing federal habeas limitations

process as applied to state conviction and state appellate process). Indeed, the only useful information West provided is that he is currently incarcerated at the Liberty County jail -- suggesting that perhaps he was convicted in a Liberty County court.

That was not enough. The Court must also know *where* he was convicted because that fact figures into venue. So, the Court instructed West to "thoroughly answer every question on the form petition, or state why he cannot. He must do so within 14 days of the date this Order is served or risk dismissal. The Clerk shall enclose a blank § 2254 petition with West's copy of this Order." Doc. 3 at 2.

West responded with a new § 2254 petition, but the Clerk erroneously opened a new file, CV413-005.[1] The Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** the CV413-005 file and move the new § 2254 petition into this file, then docket it as an "Amended Petition in response to the Court's January 2, 2013 Order."

Meanwhile, the Amended Petition simply fails to supply the missing information. West notes only a March 2007 "manufacturing marijuana"

---

[1] The Court should have directed the Clerk to imprint the existing case number on the blank petition before sending it to West.

2

conviction, but otherwise supplies none of the necessary information. *Id.* at 1. Signed not only by West but also "Jerry Steiger, Jr.,"[2] the petition must be dismissed on two grounds. First, it disobeys the Court's Order. And second, it still fails to supply critical supporting facts.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be

---

[2]   Steiger does not claim to be a lawyer. Below the § 2254 form's signature block is this: "If the person signing is not the petitioner, state relationship to petitioner and explain why petitioner is not signing this petition." Someone, presumably Steiger, wrote this in response: "Mr. Daniel West is mentally retarded and is not aware his rights are being violated." Yet, the petition is signed by West, too.

Under 28 U.S.C § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *Id.* Here West himself signed the petition, which means no one is bringing it on his behalf. *See Francis v. Warden, FCC Coleman–USP*, 246 F. App'x 621, 622 (11th Cir. 2007). Hence, Steiger cannot show "next friend" status. *Id.*; *see also Lambert v. District Court of Houston County, Ala.*, 2012 WL 5869099 at * 1-2 (M.D. Ala. Nov. 5, 2012). Nor may he legally represent West because he is not a lawyer. His signature is thus legal surplusage.

3

**DENIED.** 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this  22nd  day of January, 2013.

*[signature]*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4